**In re Kirt R. SCHULTZ d/b/a Kirt Schultz Painting, Debtor.**

**Kirt R. Schultz d/b/a Kirt Schultz Painting, Movant,**

v.

**United States of America, Respondent.**

**No. 99–12802–JMD.**

United States Bankruptcy Court,
D. New Hampshire.

May 2, 2000.

Grenville Clark, III, Gray, Wendell & Clark, P.C., Manchester, NH, for debtor.

John R. Mikalchus, Boston, MA, Karen A. Smith, Washington, DC, for United States of America.

### *MEMORANDUM OPINION*

J. MICHAEL DEASY, Bankruptcy Judge.

### I. BACKGROUND

The Court has before it "Debtor's Objection to Allowance of Certain Portions of the Claim of Internal Revenue Service." The Internal Revenue Service ("IRS") has filed a proof of claim on behalf of the

United States of America asserting an unsecured priority claim of $33,773.27 consisting of taxes and interest and a general unsecured claim of $5,135.64 consisting of penalties. The Debtor objects to the IRS's claim to the extent that it seeks to treat as priority its interest claims for 1993, 1994, and 1995 and its income tax claims for 1994 and 1995. According to the Debtor, these claims, which total $33,057.38,[1] are not entitled to priority status under 11 U.S.C. § 507(a)(8)(A)(i) because more than three years has elapsed between the due dates for filing the Debtor's 1993, 1994, and 1995 tax returns (i.e., April 15, 1994, April 15, 1995, and April 15, 1996, respectively) and the filing of the Debtor's instant bankruptcy case (i.e., September 2, 1999).[2] For that reason, according to the Debtor, those portions of the IRS's claim should be treated as general unsecured claims, not priority claims.

The IRS does not dispute that the Debtor's tax liabilities for 1993, 1994, and 1995 became due more than three years prior to the filing of the Debtor's second bankruptcy petition on September 2, 1999. The IRS argues, however, that the three-year look-back period under section 507(a)(8)(A)(i) of the Bankruptcy Code has been tolled pursuant to 11 U.S.C. § 108(c) and 26 U.S.C. § 6503(h) because the Debtor filed a prior bankruptcy petition during the three-year period following the tax filing dates for the years in question.[3] The Debtor filed an earlier Chapter 13 case on May 3, 1996, which case was dismissed on August 22, 1997 and closed on May 7, 1998.[4] Due to the automatic stay contained in 11 U.S.C. § 362(a), the IRS was prevented from the date the petition was filed on May 3, 1996 until the date the Debtor's case was dismissed on August 22, 1997 from taking action to collect on its

---

1. The IRS's proof of claim, POC No. 7, includes the following itemization of these portions of its claim:

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date | Total |
|---|---|---|---|---|---|
| Income | 12/31/1993 | 5/16/1994 | $ 0.00 | $ 533.31 | $ 533.31 |
| Income | 12/31/1994 | 4/10/1995 | $10,698.00 | $4,903.96 | $15,601.96 |
| Income | 12/31/1995 | 5/20/1996 | $12,719.00 | $4,203.11 | $16,922.11 |

2. Section 507(a)(8)(A)(i) of the Bankruptcy Code provides as follows:

(a) The following expenses and claims have priority in the following order:
(8) Eighth, allowed unsecured claims of governmental units; only to the extent that such claims are for—
(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition.
11 U.S.C. § 507(a)(8)(A)(i).

3. Section 108(c) of the Bankruptcy Code provides:

(c) Except as provided in section 524 of this title, if applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ..., and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.
11 U.S.C. § 108(c). The Internal Revenue Code provides at section 6503(h):

(h) The running of the period of limitations provided in sections 6501 and 6502 on the making of assessments or collection shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and—
(1) for assessment, 60 days thereafter, and
(2) for collection, 6 months thereafter.
26 U.S.C. § 6503(h).

4. The case number of the prior case is Bk. No. 96–11219–MWV. The Debtor's Chapter 13 plan in that case was confirmed on November 15, 1996. In accordance with the Debtor's plan, the IRS received payments of

claims.[5] According to the IRS, section 6503(h)(2) of the Internal Revenue Code prevented the IRS from taking collection action for an additional six-month period or until February 21, 1998. The IRS argues that pursuant to section 108(c) of the Bankruptcy Code and section 6503(h)(2) of the Internal Revenue Code, the three-year period contained in section 507(a)(8)(A)(i) should be tolled by the period that the Debtor was previously in bankruptcy plus the additional six-month period. In other words, the Debtor's time in the prior bankruptcy, plus an additional six-month period, should not be included in determining whether the Debtor's tax debts were due within three years before the filing of his second bankruptcy petition. In the instant case, the effect of tolling would be to extend the look-back period to November 7, 1994 from the date of September 3, 1996,[6] which would result in priority status for some portions of the IRS's claim.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. DISCUSSION

### A. Burden of Proof

■ The Bankruptcy Appellate Panel for the First Circuit recently outlined the burden of proof in claims objection cases.

Fed.R.Bankr.P. 3001(f) provides that "a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." If a debtor offers substantial evidence to support its objection to a claim, the claimant is required to come forward with evidence to support its claims, *In re Hemingway Transport, Inc.*, 993 F.2d 915, 925 (1st Cir.1993), *cert. denied*, 510 U.S. 914, 114 S.Ct. 303, 126 L.Ed.2d 251 (1993), and bears the burden of proving its claims by a preponderance of the evidence. *In re WHET, Inc.*, 33 B.R. 424, 437 (Bankr. D.Mass.1983).

*Long v. Matrix Capital Bank (In re Long)*, BAP No. MB 99–019 (1st Cir. BAP Mar. 31, 2000). It is undisputed that the IRS filed an amended proof of claim on November 15, 1999 asserting a total claim of $38,908.81. On December 3, 1999, the Debtor objected to portions of the IRS's claim as outlined above. Because the Debtor has offered substantial evidence to support his objection to portions of the IRS's claim, the IRS must come forward with evidence to support its claim. As indicated by the First Circuit BAP, the IRS bears the burden of proving its claims by a preponderance of the evidence. *See id.*

### B. Treatment of 1993 Interest Claim

The IRS conceded at the hearing on the Debtor's objection to portions of the IRS's proof of claim that its claim for interest with respect to the Debtor's 1993 tax liabil-

---

approximately $5,200 before that case was dismissed with the Debtor's consent.

**5.** Section 362(c) of the Bankruptcy Code provides:

(c) Except as provided in subsections (d), (e), and (f) of this section—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; or

(C) if the case is . . . a case under chapter 13 of this title, the time a discharge is granted or denied.

11 U.S.C. § 362(c).

**6.** If the statute were tolled only by the length of the Debtor's prior bankruptcy case until dismissal, the look-back period would be extended to May 6, 1995. The additional six-month period extends the deadline to November 7, 1994.

ity should be treated as a general unsecured claim. The Debtor's 1993 tax return was due by April 15, 1994. The IRS assessed liability on May 16, 1994. Pursuant to section 507(a)(8)(A)(i) of the Bankruptcy Code, the IRS's claim with respect to the Debtor's 1993 taxes would be entitled to priority status so long as the Debtor filed for bankruptcy no later than April 14, 1997. The Debtor filed the instant case on September 2, 1999. Even if the Court were to find that tolling applied pursuant to section 108(c) of the Bankruptcy Code and section 6503(h) of the Internal Revenue Code and that the IRS was prevented from collecting the 1993 liability from the Debtor for 477 days during the Debtor's first bankruptcy case from May 3, 1996 until August 22, 1997 and then for an additional six-month period afterward, the 1993 liability would not fall within the three-year look-back period as tolled. The Debtor's 1993 tax return was due on April 15, 1994, which does not fall after the extended look-back deadline of May 6, 1995, or the even further extended deadline of November 7, 1994. In other words, even if tolling were to apply (either during the period of the Debtor's prior bankruptcy or during that period plus an additional six-month period), the Debtor's 1993 tax return was still due before either of these extended look-back periods. Accordingly, the IRS's claim in the amount of $533.31 for interest on the Debtor's 1993 income tax liability should be treated as a general unsecured claim.

## C. Treatment of 1994 Tax and Interest Claim

■ The IRS contends that the Debtor's liability for taxes and interest for 1994 in the total amount of $15,601.96 should be treated as priority due to the tolling of the three-year look-back period. In order to treat its 1994 claim as priority, the IRS argues that the three-year look-back period should be tolled both by the period of the Debtor's first bankruptcy case and by the six-month period contained in the Internal Revenue Code.

### 1. Tolling During Period of Prior Bankruptcy

Section 108(c) of the Bankruptcy Code provides for the suspension of certain non-bankruptcy statutes of limitations with respect to actions against a debtor in bankruptcy. *See West v. United States (In re West),* 5 F.3d 423, 425 (9th Cir.1993). At issue in this case is whether section 108(c) of the Bankruptcy Code and section 6503(h) of the Internal Revenue Code work together to toll the three-year look-back period contained in section 507(a)(8)(A)(i). The United States District Court for the District of New Hampshire recently affirmed a decision by Chief Judge Mark W. Vaughn of this Court on the issue of whether the three-year priority period under section 507(a)(8)(A)(i) is tolled during the pendency of a debtor's prior bankruptcy case. *See Young v. United States,* Civ. No. 99–325–M, slip. op. (D.N.H. Mar. 20, 2000), *aff'g Young v. United States (In re Young),* Bk. No. 97–10848–MWV, Adv. No. 98–1096–MWV, slip. op. (Bankr.D.N.H. May 5, 1999). The District Court affirmed Judge Vaughn's holding that the three-year look-back period under section 507(a)(8)(A)(i) is tolled by the length of time the debtor was previously in bankruptcy stating that Judge Vaughn took the "majority, and better reasoned, approach." *Young,* slip op. at 1. Judge Vaughn adopted the IRS's position that Congress's intent to provide priority treatment to tax claims would be frustrated unless tolling applied. *Young,* slip. op. at 4. In addition, Judge Vaughn found that discharging the debt "by simply following the literal construction of sections 507(a)(8)(A) and 523(a)(1)(A) would be an absurd consequence unintended by Congress and would allow debtors to manipulate the bankruptcy system." *Id.* at 5. *See also Palmer v. Internal Revenue Service (In re Palmer),* 228 B.R. 880 (6th Cir. BAP 1999) (collecting cases and presenting a recent discussion of the issue). For these reasons, Judge Vaughn held that the

three-year look-back period under section 507(a)(8)(A)(i) should be tolled during the pendency of a debtor's prior bankruptcy case. This Court will adopt Judge Vaughn's reasoning and holding as affirmed by the District Court.[7]

### 2. Additional Six–Month Tolling

Neither Judge Vaughn nor the District Court ruled on the issue of whether the three-year look-back period under section 507(a)(8)(A)(i) is tolled for the additional six-month period provided by section 6503(h)(2) of the Internal Revenue Code. That issue is ripe for review in the instant case because the Debtor's 1994 tax liability will be treated as priority if the three-year look-back period is tolled the additional six months; however, the Debtor's liability will not be treated as priority if the period is not tolled the additional six months.

The IRS argues that common sense dictates that the priority period should be tolled during the additional six-month period when the IRS is prevented from taking collection action by section 6503(h)(2) of the Internal Revenue Code. The Debtor argues that the six-month period set forth in the Internal Revenue Code should have no effect whatsoever on the three-year look-back period. In support of its position, the IRS cites a Senate Report discussing an amendment to section 108(c), which provides:

> In the case of Federal tax liabilities, the Internal Revenue Code suspends the statute of limitations on a tax liability of a taxpayer from running while his assets are in the control or custody of a court and for 6 months thereafter.... The amendment to [section 108(c) of the Bankruptcy Code] applies this rule in a title 11 proceeding. Accordingly, the statute of limitations on collection of a nondischargeable Federal tax liability of a debtor will resume running after 6 months following the end of the period during which the debtor's assets are in

the control or custody of the bankruptcy court. This rule will provide the Internal Revenue Service adequate time to collect nondischargeable taxes following the end of the title 11 proceedings.

S.Rep. No. 95–989, at 30–31 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5816–17. *See also Waugh v. Internal Revenue Service (In re Waugh)*, 109 F.3d 489, 493 (8th Cir.1997); *Palmer*, 228 B.R. at 885.

The Ninth Circuit Court of Appeals is one of the few courts that has directly addressed the issue presented by the instant case. It concluded that the six-month extension period contained in section 6503(h)(2) of the Internal Revenue Code should also be incorporated through section 108(c) of the Bankruptcy Code to toll the running of the priority period. *See West v. United States (In re West)*, 5 F.3d 423 (9th Cir.1993). The Ninth Circuit explained its reasoning as follows.

> The six-month extension illustrates a legislative recognition that interruption in collection activity necessitates additional time once the IRS is again free to pursue tax debtors. Although the legislative history is bereft of reasons for granting the extension, common sense dictates that such a period was given in order to provide the IRS with sufficient time to restart and refocus its collection efforts once able to do so. The legislative history of § 108(c), which incorporate § 6503, implicitly acknowledges this purpose ... Adding six months to the priority period in the case of successive bankruptcy petitions preserves this intent.

*West*, 5 F.3d at 427. The Court finds this reasoning persuasive. Accordingly, the Court holds that the three-year look-back period under section 507(a)(8)(A)(i) of the Bankruptcy Code is also tolled by the additional six-month period contained in section 6503(h)(2) of the Internal Revenue Code. For that reason, the IRS's claim in

---

7. The Court notes that the District Court decision has been appealed by the debtors to the

United States Appeals Court for the First Circuit.

the amount of $15,601.96 relating to the Debtor's 1994 tax liability is entitled to priority status.

### D. Treatment of 1995 Tax and Interest Claim

Without tolling, the IRS's claim with respect to the Debtor's 1995 taxes would be entitled to priority status so long as the Debtor filed for bankruptcy no later than April 14, 1999. However, the Debtor filed the instant case on September 2, 1999. Because the Court has ruled that tolling applies pursuant to section 108(c) of the Bankruptcy Code and section 6503(h)(2) of the Internal Revenue Code, the Debtor's 1995 liability falls within the extended three-year look-back period under section 507(a)(8)(A)(i). Accordingly, the IRS's claim in the amount of $16,922.11 for the Debtor's 1995 tax liability should be treated as a priority claim.

### III. CONCLUSION

For the reasons discussed above, the Court holds that pursuant to 11 U.S.C. § 108(c) and 26 U.S.C. § 6503(h) the three-year look-back period contained in 11 U.S.C. § 507(a)(8)(A)(i) should be tolled during the pendency of a debtor's prior bankruptcy case. In addition, the Court holds that the six-month period contained in 26 U.S.C. § 6503(h)(2) serves as an additional period of tolling. In light of the Court's holdings, the IRS's 1993 claim in the amount of $533.31 should be treated as a general unsecured claim and its 1994 and 1995 claims in the total amount of $32,524.07 should be treated as priority claims. The other elements of the IRS's claim that were not contested by the Debtor should be treated in accordance with the IRS's proof of claim. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.